IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WATCHGUARD TECHNOLOGIES, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:05-CV-0572-K |
| MICHAEL N. VALENTINE and SONICWALL, INC., | § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Application for a Preliminary Injunction filed by Plaintiff Watchguard Technologies, Inc. ("Watchguard"). For the following reasons, the Court **DENIES** the preliminary injunction.

## FACTUAL BACKGROUND

Defendant Michael Valentine ("Valentine") worked for Plaintiff Watchguard ("Watchguard") beginning on March 15, 2000. Valentine signed a Proprietary Information, Invention, and Non Competition Agreement ("Proprietary Information Agreement") requiring he not disclose any confidential information during or after his employment, and preventing him from directly competing against Watchguard and from soliciting Watchguard employees for twelve (12) months after the end of his employment. In exchange for executing the Proprietary Information Agreement,

Valentine was given access to confidential information and specialized training on its Internet security products.  In 2003, Valentine was promoted to Vice President of Americas Sales.  He had the highest level of access while Vice President, which included helping create and develop certain confidential information, including planning and implementing programs to improve business with important customers and to better compete in the marketplace.

Shortly after his promotion to Vice President, Valentine accepted a job offer from Defendant Sonicwall ("Sonicwall"), a competitor of Watchguard in the Firewall/VPN Security market.  Upon announcing his departure, Watchguard offered Valentine a retention package, which he accepted.  In exchange for signing an Employee Retention Agreement ("Retention Agreement"), which reaffirmed his obligations under the Proprietary Information Agreement, Valentine received a $75,000 bonus, $50,000 annual raise, options for 50,000 shares of stock, and renewed access to the highest levels of confidential information.

After a decline in sales within Valentine's group, Watchguard terminated Valentine's employment, effective December 31, 2004. On January 10, 2005, Valentine began employment with Sonicwall.  His position with Sonicwall is Vice President of Channel Sales, which includes responsibility for the same customers he oversaw while with Watchguard.  After Valentine began his new employment, Kendra Krause, a Watchguared employee, left and began working for Sonicwall on February 1, 2005. Rob

Gattis, another Watchguard employee, also left and began working for Sonicwall around that same time.

Watchguard contends Valentine has violated, and continues to violate, the Agreement by using Watchguard's confidential information, to which he had access, in his current position with Sonicwall, and recruiting Watchguard employees before the twelve month deadline had passed. Watchguard contends that these violations have injured the company and will continue to cause injury if they persist.

## PRELIMINARY INJUNCTION

Watchguard argues a preliminary injunction is warranted in this case because Sonicwall and Valentine continue to (1) misappropriate Watchguard's trade secrets and confidential information and (2) engage in unfair competition.

A preliminary injunction is an extraordinary remedy granted if a movant establishes the following: (1) a substantial likelihood of success on the merits; (2) a substantial threat the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damages that the injunction might cause the non-moving party; and (4) that the injunction will not disserve the public interest. *Hoover v. Morales*, 164 F.3d 221, 224 (5th Cir. 1998). The movant must establish each of the four elements before a court can grant a preliminary injunction. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). It is within the court's sound discretion as to granting or denying a preliminary injunction. *Mississippi Power & Light Co. v. United Gas Pipe Lime Co.*, 760 F.2d 618, 621 (5th Cir. 1985).

<u>1.</u>     <u>Substantial Threat of Irreparable Injury</u>

The Court looks not to the magnitude of the harm allegedly suffered by Watchguard, but the irreparability of it. *See Propath Servs., L.L.P. v. Ameripath, Inc.*, No. Civ.A 3:04-CV-1912-P, 2004 WL 2389214, *6 (N.D. Tex. 2004) (Solis, J.). Watchguard, as the party seeking injunctive relief, faces a heavy burden of clearly establishing to the Court irreparable harm. *See Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985). An injury is irreparable if monetary relief cannot remedy it. *See Propath Servs.*, 2004 WL 2389214 at *6 (citing *id.* at 472-73). If Watchguard could possibly be sufficiently compensated at a later date during the course of the case, the Court will weigh this heavily against a conclusion the party suffered irreparable harm. *See Enter. Int'l*, 762 F.2d at 472-73.

Watchguard argues Valentine's misappropriation of its trade secrets alone establishes irreparable harm. Watchguard's directs the Court to the deposition testimony of Steven Moore, Watchguard's cofounder, as support for their assertion that Valentine has already misappropriated these trade secrets and will continue to do so. Mr. Moore testified that Valentine could not perform his new job with Sonicwall if he was not in possession of Watchguard's confidential information and also using it. Although the misappropriation of trade secrets can raise the threat that any harm suffered will be irreparable, the Court does not find the harm in this case to be irreparable because the Court believes that any damages may be adequately remedied with monetary relief. *See id.*

Watchguard must establish that the alleged harm is irreparable, meaning monetary compensation cannot remedy it. *See See Propath Servs.*, 2004 WL 2389214, at *6 (citing *id.* at 472-73). Dale Bastian, Watchguard's Vice President of Worldwide Sales, testified that Watchguard suffered damages to its reputation, goodwill and certain pecuniary loss. He testified that the pecuniary loss was the significant revenue loss Watchguard suffered with Dell, CDW, and Insight and another channel partner. Bastian testified that he could give specific amounts in dollars and cents of the damages to the accounts with Dell, CDW, and Insight, as well as a lost sale of $300,000 to that unknown reseller. Bastian attributed damages of $10 to $12 million a year to the actions of Valentine, Krause, and Gattis with respect to Dell, CDW, and Insight. Both Mr. Bastian and Mr. Moore testify that the damages are something that continue to be felt and will be felt over time, but the evidence indicates that at some point this can be quantified in dollars and cents.

Watchguard asserts in its reply brief that Mr. Bastian testified that "a substantial amount of its losses, past and future, could never be precisely determined." The Court reviewed the record citations and found that Mr. Bastian's testimony reflects that monetary damages attributable to Valentine will occur over time, but there is no specific amount on a specific date which he could give. This is not testimony, as asserted by Watchguard, that monetary damages cannot be accurately calculated. Also in its reply brief, Watchguard contends that because certain losses can already be estimated at $10 to $12 million, the potential irreparable injury is "extreme." Despite this assertion, the

Court is not guided by the potential magnitude of the harm suffered, but by the irreparability of it.  *See Propath Servs.*, 2004 WL 2389214, at *6.  As the Court already stated, the record indicates that any harm which Watchguard has allegedly suffered can, at some point during the case, be quantified and adequately remedied with monetary relief.

The Court concludes the evidence establishes that the damages, if any, Watchguard has suffered, and will continue to suffer, can be remedied with monetary compensation.  *See Enter. Int'l*, 762 F.2d at 472-73 (if injured party could possibly be sufficiently compensated at later date during course of case, court will weigh this heavily against conclusion the party suffered irreparable harm).   Because Watchguard has not met its burden on this element, the Court concludes it must deny Watchguard's motion for preliminary injunction.  The Court need not address the other elements.

## CONCLUSION

From a review of the evidence submitted and the arguments by the parties, the Court finds that Plaintiff Watchguard has not met the requirement of irreparable harm; therefore, it is not entitled to a preliminary injunction pending a trial on the merits.

**SO ORDERED.**

Signed June __9th___, 2006.

                                  s/Ed Kinkeade
                                  ED KINKEADE
                                  UNITED STATES DISTRICT JUDGE